## Beneficial Consumer Discount Company v. Leipold

*Daniel M. Frey*, for plaintiff.
*Stephen D. Converse*, of *Central Pennsylvania Legal Services*, for defendants.

BUCKINGHAM, *J.*, June 11, 1979—This matter is before the court on defendants' preliminary objections to plaintiff's complaint in mortgage foreclosure. The preliminary objections are based on an alleged failure of plaintiff to comply with the Act of January 30, 1974, P.L. 13, 41 P.S. §§403 and 404, in a number of respects. Since we believe that plaintiff was remiss in connection with one portion of the act we need not discuss the other contentions of defendants.

41 P.S. §403 provides: "Notice of intention to foreclose

"(a) *Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation,* or take possession of any security of the residential mortgage debtor for such residen-

tial mortgage obligation, such person *shall* give the residential mortgage debtor notice of such intention at least thirty days in advance *as provided in this section.*

"(b) Notice of intention to take action as specified in subsection (a) of this section *shall* be in writing, sent to the residential mortgage debtor by registered or certified mail at his last known address and, if different, at the residence which is the subject of the residential mortgage.

"(c) The written notice *shall clearly* and conspicuously state: (1) The particular obligation or real estate security interest; (2) The nature of the default claimed; (3) *The right of the debtor to cure the default as provided in section 404 of this act and exactly what performance including what sum of money, if any, must be tendered to cure the default;*" (Emphasis supplied.)

41 P.S. §404 provides: "Right to cure a default

"(a) Notwithstanding the provisions of any other law, after a notice of intention to foreclose has been given pursuant to section 403 of this act, at any time at least one hour prior to the comencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, *may cure his default* and prevent sale or other disposition of the real estate and avoid acceleration, if any, *by tendering the amount* or performance *specified in subsection (b) of this section.*

"(b) To cure a default under this section, a residential mortgage debtor shall: (1) *Pay or tender in the form of cash, cashier's check or certified check, all sums which would have been due at the time of payment or tender in the absence of de-*

*fault and the exercise of an acceleration clause, if any:* (2) Perform any other obligation which he would have been bound to perform in the absence of default or the exercise of an acceleration clause, if any; . . .

"(c) Cure of a default pursuant to this section restores the residential mortgage debtor to the same position as if the default had not occurred." (Emphasis supplied.)

Plaintiff's notice to defendants of intention to foreclose, dated December 15, 1978, is not clear as to the sum of money to be paid by defendants in order to cure the default. In fact, it is quite ambiguous.

First of all, in one paragraph of the notice it states: "On December 19, 1977, Beneficial Consumer Discounty (sic) Company made a residential mortgage loan to the above named Borrowers, who agreed to repay the loan in monthly installments of principal and interest of $56.00 each plus escrow and other charges, and gave to Beneficial as security therefore (sic) a mortgage on the property located at the address indicated above. Because of failure to pay any monthly installments punctually on or before its due date, your obligation to pay Beneficial as Borrower has been in default since July . . . , 1978."

The notice does not state anywhere what escrow or other charges are in default. Moreover, the words "since July" involve an ambiguity since they could be interpreted to mean that the defendants made their last payment either in June or July of 1978.

Secondly, in a subsequent paragraph, the notice states: "Due to the defaults, Beneficial intends to accelerate the maturity of the mortgage at 3:00 p.m. on January 15, 1979, at which time the entire

principal amount, interest to the date of acceleration and all other sums due under the mortgage will become immediately due and payable to Beneficial. At this time, Beneficial will refer the mortgage on the above described property to me to immediately commence an action of mortgage foreclosure. You have the right to cure the default and avoid acceleration and mortgage foreclosure: 1) *by paying or tendering to Beneficial or to me as Beneficial's attorney in cash, or by certified check or treasurer's check, all sums which would have been due at the time such payment or tender is made if such obligation were not then in default.*" (Emphasis supplied.)

We assume the foregoing means that defendants had the right to cure the default by paying the $56 monthly payments, plus escrow and other charges due, from July 1978 to January 1979, which involves an amount somewhere in the vicinity of only $400.

However, in still another subsequent paragraph, the notice states: "Cure may be effected as follows: (1) Until such time as the mortgage will be referred to me to commence foreclosure proceedings, by paying or tendering to Beneficial Consumer Discount Company, 34 Frederick Street, Hanover, Pennsylvania, 17331 the following sums: a. *The sum of all installment payments which will be in default by the above date on which the mortgage will be referred to me.*—$2,315.24" (Emphasis supplied.)

It is obvious that this figure of $2,315.24 refers to the full amount due after acceleration.

On its face the notice is misleading. The act requires the notice to set forth the figure to cure the default *clearly* but in this case defendants are first

told that to cure the default they must pay a relatively small amount of money. They are then told they must pay a considerably larger amount of money to cure the default. It matters little that this situation arose through inadvertence. We concur with defendants that, since these sections of the act are set forth under the protective provisions of the act, they are mandatory and not curable. We believe that a failure to state the information called for in the act precisely and without ambiguity is fatal and invalidates the notice of intention to foreclose and the subsequent complaint in mortgage foreclosure.

In view of the foregoing we shall enter an order sustaining the preliminary objections of defendants.

### ORDER

And now, June 11, 1979, the preliminary objections of defendants in the form of a demurrer to plaintiff's complaint are sustained and plaintiff's complaint is hereby dismissed. An exception is granted to plaintiff.